```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )   CRIMINAL NO. 2:06 MJ 20
                            )
DION M. FULLER              )
```

DETENTION OPINION AND ORDER

At the February 6, 2006 initial appearance, the government requested that the defendant, Dion Fuller, be held without bond. A detention hearing was conducted on February 8, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 18 U.S.C. ß 922(g)(1). If convicted, the defendant faces a maximum sentence of ten years imprisonment.

2.  At the detention hearing, the government tendered five exhibits to supplement the probable cause affidavit and the prebond report prepared by the United States Probation Department.  The defendant called Schererville police officer Brian Daniels, the defendant's mother, Gloria Fuller, and the defendant's former girlfriend, Cassie Gardner, as witnesses.

3.  On February 1, 2006, Officer Daniels was working security at the Showplace 12 and Showplace 16 Theaters.  As Officer Daniels pulled into the parking lot at Showplace 16, he saw the defendant outside of his vehicle.  The defendant appeared to be urinating in the parking lot, so Officer Daniels approached his vehicle.

4.   When the officer saw urine on the pavement, he instructed the defendant to get out of his vehicle.  He also requested identification from the defendant and his passenger, Cassie Gardner.

5.   Although there were no outstanding warrants for the defendant, an order of protection had been issued on June 28, 2005 prohibiting the defendant from having any contact with Gardner.  Because the defendant was in violation of the restraining order, he was placed under arrest.

6.   A search of the vehicle revealed a loaded 40 cal. Ruger under the passenger seat and a small amount of marijuana in the glove compartment.

7.   On December 14, 2000, the defendant was charged with three counts of robbery, a Class C felony.  The charges were based upon bank robberies which occurred on November 1, 2000, November 22, 2000, and December 13, 2000.  During all three bank robberies, the defendant claimed to have a gun, but no gun ever was displayed.  The defendant also threatened the bank teller during each robbery.

8.   On September 28, 2001, the defendant pled guilty to all three counts and was sentenced to three years work release at the Kimbrough Center.  Two petitions to revoke the probation were filed, and the defendant received a 30 day prison sentence based on one of the petitions.

9.   On June 7, 2005, the defendant was charged with four counts of battery and confinement.  Gardner was listed as the

complaining witness for the battery.  According to the probable cause affidavit, the defendant assaulted Gardner and inflicted injuries which included a broken arm.  On August 15, 2005, the defendant was released on bond.

10.  During her testimony, Gardner indicated that she and the defendant no longer were romantically involved.  Gardner also indicated that they now have a friendly relationship and that the charges were filed because the "truth not told."  In spite of the injuries indicated in the probable cause affidavit, Gardner indicated she was the one who did not tell the truth and that she was not injured in an altercation with the defendant.

11.  The defendant has been employed as a cook at the Stones Bones Restaurant in Merrillville for four years.  The defendant also had another part-time job at a grocery store which closed in January 2006.

12.  If released on bond, the defendant's mother indicated that he could reside at her residence.

13.  In the prebond report, the defendant admitted to using marijuana on a regular basis.

Under 18 U.S.C. ß 3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with being a felon in possession of a firearm under Section 922(g)(1).  Depending upon the facts of the case, the charge of being a felon in possession of a firearm may constitute a crime of violence.  *See generally* **United States v. Duran**, 407 F.3d 828, 838 n.4 (7th

Cir. 2005) ("The jury is entitled to consider the legality of the possession in order to draw the inference that illegally possessed guns are more likely used for illegal purposes"); ***United States v. Lane***, 252 F.3d 905, 907 (7th Cir. 2001); ***United States v. Vahovick***, 160 F.3d 395, 397 (7th Cir. 1998); ***United States v. Chapple***, 942 F.2d 439, 441 (7th Cir. 1991).

Under the facts of this case, the defendant is not charged with a crime of violence.  Although a handgun was found in his vehicle, he did not display the handgun or threaten the arresting police officer.  However, an individual who is in possession of both narcotics and a firearm has been held to be a danger to the community.  ***United States v. Singer***, 943 F.2d 758, 762-63 (7th Cir. 1991).  Under all of the circumstances, the government is not entitled to a presumption of detention.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) In addition to felony convictions for three separate bank robberies, the defendant was on bond at the time of his arrest. He also was in violation of a restraining order prohibiting him from having any contact with Gardner.  In spite of her claims that she and the defendant now have a friendly relationship, Gardner's testimony that the defendant did not assault her on May 27, 2005 was not credible.

4

In the prebond report, the defendant admitted to using marijuana on a regular basis. Marijuana also was discovered during a search of the defendant's vehicle. *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").

In spite of receiving an extremely lenient sentence for three separate bank robberies, the defendant violated the conditions of his work release on two separate occasions. One of these violations resulted in a 30 day prison sentence. Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**. 18 U.S.C. ß3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

    A.    The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

    B.    The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

    C.    The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 13th day of February, 2006

                                        s/Andrew P. Rodovich
                                           United States Magistrate Judge